An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: H.M.T-B.

No. 62572

DANIEL L.T.,
Appellant,
vs.
NATALIE M.T-B.K.,
Respondent.

**FILED**

OCT 1 7 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order terminating appellant's parental rights. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

On appeal, appellant contends that the district court's decision that parental fault exists and that termination was in the child's best interest is not supported by substantial evidence. Appellant further contends that the district court erred in finding that he abandoned the child.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment and the demonstration of only token efforts by the parent to support or communicate with the child. *See* NRS 128.105(2)(a), (f)(1), and (g); NRS 128.012; *In re Parental Rights as to D.R.H.*, 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). The purpose of terminating parental rights is not to punish parents, but to protect the welfare of children. *In re N.J.*,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31274

116 Nev. at 801, 8 P.3d at 133. This court will uphold the district court's termination order if it is supported by substantial evidence. *In re D.R.H.*, 120 Nev. at 428, 92 P.3d at 1234.

Here, the district court found that parental fault was established based on appellant's token efforts and abandonment of the child between 2007 and 2010. In particular, the district court found that while appellant was initially prevented from contacting the child for a period of time because of a protective order against him, he did obtain legal advice about enforcing his parental rights in 2006, but he failed to pursue those rights until 2011. The court found no credibility in appellant's claim that he was unable to find respondent and the child during the relevant time period. It is the duty of the trier of fact, not an appellate court, to weigh the credibility of witnesses. *See Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). The district court further concluded it was in the child's best interest to terminate appellant's parental rights. The court determined that appellant was a stranger to the child, and introducing him as a father figure would be detrimental and disruptive to the stability of the child's life. Having reviewed the appellate record, we conclude that the district court applied the correct legal standard and the court's decision is supported by substantial evidence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Ninth Judicial District Court Department 1
Daniel L.T.
Fahrendorf, Viloria, Oliphant & Oster, LLP
Douglas County Clerk